IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| AGDATA, L.P. | ) | Civil No. 3:13-cv-00052-FDW-DSC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| HARTFORD FIRE INSURANCE COMPANY | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Agdata's L.P.'s ("Agdata") unopposed Motion to file a document under seal pursuant to Local Civil Rule of Civil Procedure 6.1. Agdata seeks to file under seal a confidential settlement agreement (the "Settlement Agreement"), identified as Exhibit D to its Complaint.

In Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit noted that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." (Internal quotation marks omitted). However, there is a presumption in favor of public access to court records. Id. In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Id. Public notice has been satisfied through the docketing of Agdata's Motion to seal.

With respect to the remaining factors, the Court finds that the Settlement Agreement should be sealed. The Settlement Agreement contains confidential settlement terms that resulted

from a private agreement reached in a prior lawsuit in another jurisdiction. At the present time, the Court discerns no significant public interest in revealing the terms of this confidential agreement. Therefore, the Court finds that Agdata's interest in preserving the confidential nature of the Settlement Agreement outweighs the public's right to access this document.

Moreover, the Court has considered less drastic alternatives to sealing the document. However, given that the request at this time is limited only to the Settlement Agreement, and not other documents that may have been exchanged during the prior lawsuit, the Court finds that sealing the Settlement Agreement is appropriate. In its discretion, the Court may order the Settlement Agreement unsealed at a later time.

It is therefore ORDERED that Agdata's Motion to seal the Settlement Agreement, identified as Exhibit D to the Complaint, is granted.

**SO ORDERED**.

Signed: June 11, 2013

David S. Cayer
United States Magistrate Judge